<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4601**

---

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JESSE DEMETRIUS HINTON,

              Defendant – Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:08-cr-00385-NCT-1)

---

Submitted: January 31, 2011      Decided: February 25, 2011

---

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Demetrius Hinton appeals from his convictions and sentence for possession with intent to distribute cocaine base and possession of a firearm by a convicted felon. On appeal, Hinton's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but requesting a reduction in sentence in light of the Fair Sentencing Act of 2010. Hinton was informed of his right to file a pro se supplemental brief but has not done so. The Government has filed a motion to dismiss the appeal on the basis of the appellate waiver provision in Hinton's plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo, and we will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent. Id. at 169. To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and

familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Federal Rule of Criminal Procedure 11 colloquy, and the record indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

A review of the Rule 11 hearing transcript confirms that Hinton knowingly and intelligently waived his right to appeal. In his plea agreement, Hinton explicitly waived the right to challenge his sentence on appeal, reserving only the right to appeal based upon grounds of ineffective assistance of counsel, prosecutorial misconduct, a sentence in excess of the statutory maximum, and a sentence based on an unconstitutional factor. Hinton confirmed at his Rule 11 hearing that he read and understood the plea agreement. The district court conducted the colloquy required under Rule 11, ensuring that Hinton understood the charges and potential penalties, and that Hinton was competent to enter the plea. We therefore conclude that Hinton knowingly and intelligently waived the right to appeal his sentence. Because Hinton explicitly challenges only his sentence on appeal, we further conclude that Hinton's appeal

3

falls squarely within the scope of the waiver provision, so we grant the motion to dismiss as to Hinton's sentence.

The waiver provision, however, did not waive Hinton's right to appeal his convictions. Defense counsel does not assert any errors related to Hinton's guilty plea or convictions. Counsel correctly notes in the response to the motion to dismiss, however, that Hinton's appeal waiver does not preclude our review of his convictions pursuant to Anders. In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues not covered by the waiver and have found none. Accordingly, we deny the Government's motion to dismiss as to Hinton's convictions, and we affirm those convictions.

In sum, the Government's motion to dismiss is granted in part and denied in part, Hinton's appeal of his sentence is dismissed, and his convictions are affirmed. This court requires that counsel inform Hinton, in writing, of his right to petition the Supreme Court of the United States for further review. If Hinton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hinton. We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART